NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MOHAMED ELSAYED OMAR and JENNIFER OMAR, | : : : | |
| Plaintiffs, | : : | Civil Action No. 07-813 (SRC) |
| v. | : : : | OPINION |
| ROBERT MUELLER, DIRECTOR Federal Bureau of Investigations, et al., | : : : | |
| Defendants. | : | |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion to dismiss filed by Defendants Robert S. Mueller, Michael Chertoff, and Emilio Gonzalez (collectively, "Defendants") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [docket item # 12]. The Court has considered the parties' submissions in support of and in opposition to this motion, and, pursuant to Federal Rule of Civil Procedure 78, rules on the motion based on the papers submitted. For the reasons that follow, the Court grants Defendants' motion and dismisses the action for lack of jurisdiction.

**I.**     **BACKGROUND**

      Husband and wife Plaintiffs Mohamed Elsayed Omar and Jennifer Omar initiated this lawsuit on February 16, 2007 seeking a writ of mandamus requiring the United States Citizenship and Immigration Services (USCIS) to issue a decision on their joint I-751 application to remove

conditions on Mr. Omar's permanent residence and on Mr. Omar's N-400 application for naturalization.

Mr. Omar became a conditional permanent resident on May 17, 2000 based on his marriage to Jennifer Omar.  On or about February 25, 2002, Mr. and Mrs. Omar filed a joint petition to remove conditions on Mr. Omar's permanent residence (form I-751).  On February 9, 2007, plaintiffs' I-751 application was approved.

Mr. Omar also filed an application for naturalization (form N-400) on or about May 12, 2003.  According to the Complaint, although Mr. Omar has received several notices scheduling his interview for naturalization, these scheduled interviews have all been cancelled by USCIS.  To date, Mr. Omar has not been interviewed.  In response to his numerous inquiries about the status of his application, Mr. Omar has been informed that background checks in connection with his case remain pending.

Defendants have advised the Court that the naturalization process consists of five steps: (1) application, (2) background check, (3) interview, (4) decision and (5) oath of allegiance.  As part of the background investigation, the Federal Bureau of Investigation ("FBI") conducts a name check through its National Name Check Program.  Defendants inform the Court that on or about June 13, 2003, the USCIS requested that the FBI perform a name check for Mr. Omar.  The name check is still pending.

**II.   DISCUSSION**

    **A.**   **Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a civil action for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Under Federal Rule of Civil Procedure 12(h)(3), the Court is required to dismiss the action whenever it appears that the court lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  The plaintiff bears the burden of establishing subject matter jurisdiction.  See, e.g., Lucas v. Gulf & W. Indus., Inc., 666 F.2d 800, 805 (3d Cir. 1981) (citing McNutt v. Gen'l Motors Acceptance Corp., 298 U.S. 178 (1936)).  On a 12(b)(1) motion, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Mortensen v. First Federal Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

    **B.**   **I-751 Petition To Remove Conditions on Permanent Residence**

Plaintiffs do not dispute that their I-751 petition has been resolved.  (Pl. Br. at 9.)  To the extent Plaintiffs seek an order from this Court compelling the USCIS to adjudicate the I-751 petition, Plaintiffs' claims are moot, because the Court "cannot grant any effectual relief whatever" in favor of Plaintiffs with respect to the I-751 petition.  Calderon v. Moore, 518 U.S. 149, 149 (1996) (per curiam) (quoting Mills v. Green, 159 U.S. 651 (1895)).  The basic requirement of Article III of the Constitution that there be an actual case or controversy between the parties is lacking here with respect to Plaintiff's I-751 petition, and this Court therefore does not have jurisdiction over that portion of the action.  Liner v. Jafco, Inc., 375 U.S. 301, 306 n. 3

(1964); New Jersey Turnpike Auth. v. Jersey Central Power and Light, 772 F.2d 25, 30-31 (3d Cir. 1985).

    **C.**    **N-400 Application for Naturalization**

In the Complaint, Plaintiffs assert that this Court has jurisdiction to compel Defendants to act on the subject naturalization application pursuant to the mandamus statute, 28 U.S.C. § 1361. They also assert that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, through application of the Administrative Procedures Act, 5 U.S.C. § 701, et seq. ("APA") and the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. ("INA"). The Court will deal with each claimed jurisdictional basis in turn.

    1.    Mandamus Jurisdiction

Plaintiffs argue that this Court has mandamus jurisdiction pursuant to 28 U.S.C. § 1361. Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (2006). The Supreme Court has described mandamus relief under § 1361 as an "extraordinary remedy" which "will issue only to compel the performance of 'a clear nondiscretionary duty.'" Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988); see also Heckler v. Ringer, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty"); Work v. United States, 267 U.S. 175, 177 (1925) (stating that "[m]andamus issues to compel an officer to perform a purely ministerial duty" but "[i]t can not be used to compel or control a duty in the discharge of which by law he is given discretion").

A "party seeking mandamus has the burden of showing that its right to issuance of the writ is clear and indisputable."  Will v. United States, 389 U.S. 90, 96 (1967) (quotations omitted).

Three requirements must be met before the writ of mandamus will issue.  Plaintiffs must establish (1) that they lack another adequate remedy, (2) that Defendants owe them a clear duty to act, and (3) that they have a clear and indisputable right to the relief sought.  Mallard v. U.S. District Court for So. District of Iowa, 490 U.S. 296, 390 (1989); Heckler v. Ringer, 466 U.S. 602, 616 (1984).

Plaintiffs have failed to establish a clear and indisputable right to the relief sought, that is, to have this Court compel the USCIS to process Mr. Omar's naturalization application, or to establish that Defendants have a duty to do so.  Defendants, who have moved to dismiss, are correct in pointing out that there is no statutory or regulatory time period in which the USCIS must act on an application for naturalization, until the examination is complete.  The Court acknowledges that, pursuant to 8 U.S.C. § 1447(b), once the examination occurs the agency must make a determination concerning the application within 120 days.  It is undisputed, however, that at the current time, Mr. Omar's application is in the background check stage and that Mr. Omar has not yet been interviewed in connection with the application.  Thus, the time constraints of 8 U.S.C. § 1447(b) have not been triggered, and Plaintiffs do not and cannot cite to a provision of the INA that requires the USCIS to schedule and conduct the examination within a defined time period.  Badier v. Gonzales, 475 F.Supp.2d 1294, 1298 (N.D. Ga. 2006) (holding that plaintiff could not establish mandamus jurisdiction over action to compel adjudication of naturalization application because INA "sets no time constraints for the USCIS in scheduling an initial examination").

Plaintiffs, moreover, cannot establish that the USCIS owes it a clear duty to proceed with the application and conduct the interview. Indeed, under applicable regulations, the interview cannot be scheduled until the background check is complete. 8 C.F.R. § 335.2(b) (2007). Additionally, the INA clearly provides that before an applicant can be naturalized, a background investigation must be completed. 8 U.S.C. § 1446(a) (2006). In Mr. Omar's case, the background check remains pending. Plaintiffs likewise fail to demonstrate that the USCIS or the FBI owe Mr. Omar a duty to complete the background check within a prescribed period of time. Proceeding on the subject naturalization application remains, at this point, within the discretion of the USCIS, rendering mandamus relief impossible. See Badier, 475 F.Supp.2d at 1299.

The Court lacks authority to command either the FBI or the USCIS to take any action with respect to the application. "Where the duty is not thus plainly prescribed, but depends upon a statute or statutes the construction or application of which is not free from doubt, it . . . cannot be controlled by mandamus." Badier, 475 F.Supp.2d at 1299 (quoting Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 219 (1930)). Given the posture of Mr. Omar's naturalization application, which finds itself lodged in the background check phase of the process, the Court cannot conclude that he has an indisputable right to a determination of the application or that either the FBI or the USCIS owe him a clear duty to act. Thus, mandamus jurisdiction does not apply to the action at bar.

    2.    <u>APA</u>

The same reasoning that renders mandamus jurisdiction inapplicable leads to the conclusion that this action does not arise under the APA. The APA provides for judicial review

of agency action in certain limited instances.  5 U.S.C. § 706 (2006).  In this case, Plaintiffs assert that the APA empowers the Court to compel agency action on the grounds that it has been "unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  Agency action means "final agency action" and includes the failure to act.  5 U.S.C. § 704; 5 U.S.C. § 551 (13) (2006).  Plaintiffs argue that "the Agency failure to act for more than five [sic] years after the filing in this matter is unlawful under the APA."  (Complaint, ¶ 22.)

Whether referring to the USCIS's failure to render a decision on the naturalization application, the USCIS's failure to schedule and conduct an examination of Mr. Omar, or the FBI's failure to complete the name check, Plaintiffs are wrong.  None of these failures to act can be considered unlawful or unreasonably delayed under the APA.  Reviewing the applicable section of the APA, the Supreme Court has held that "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*."  Norton v. So. Utah Wilderness Alliance, 542 U.S. 55, 64 (2004) (emphasis in original).  The Norton court explained that "[t]he limitation to *required* agency action rules out judicial direction of even discrete agency action that is not demanded by law."  Id. at 65 (emphasis in original).  The APA does not apply to agency action that is left to the agency's discretion.  5 U.S.C. § 701(a)(2) (2006).  As discussed above, the USCIS is not required to process a naturalization application or conduct an interview within a certain time period.  Indeed, regulations prohibit it from conducting the required examination before the background check is complete.  Nor have Plaintiffs cited any authority compelling the FBI to complete the name check within a specified time period.  Thus, Plaintiffs' claims do not and cannot arise under the APA.  Norton, 542 U.S. at 65.

### 3. INA

"The INA specifies only two points in the naturalization process at which a district court may intervene: first, when the INS has denied a naturalization application and that denial has been affirmed on administrative appeal, INA § 310(c); 8 U.S.C. § 1421(c), or second, where an applicant for naturalization has been examined by the INS and more than 120 days have elapsed without decision. INA § 336(b); 8 U.S.C. § 1447(b)." Baez-Fernandez v. I.N.S., 385 F.Supp.2d 292, 294 (S.D.N.Y. 2005).  Mr. Omar's naturalization application finds itself at neither juncture.

Plaintiffs' argument that the agency's failure to act on the application operates as a denial of the application is unavailing.  As discussed above, Defendants are not bound to act on Mr. Omar's N-400 application within a prescribed time frame.  The Court has no basis upon which to conclude that Mr. Omar's application has been effectively denied, simply because it has been pending since May 12, 2003.  Additionally, even if the failure to act could be considered a denial, Plaintiffs have failed to demonstrate exhaustion of their administrative remedies with respect to the application they characterize as "denied," thus posing a further jurisdictional bar to their lawsuit.  Id. at 294.  The INA requires that an applicant for naturalization must exhaust his or her administrative remedies, and this exhaustion requirement is jurisdictional.  Id. (citing 8 U.S.C. § 1447(a) and McCarthy v. Madigan, 503 U.S. 140, 144 (1992)).

As to District Court involvement based on agency failure to render a decision following examination of the applicant, this jurisdictional ground does not apply.  Section 1447(b) provides that

> If there is a failure to make a determination under section 1446 of

8

> this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).  The term "examination" refers to the applicant's interview by USCIS. See Kheridden v. Chertoff, No. 06-4792 (SRC), 2007 WL 674707 (D.N.J. Feb. 28, 2007) (discussing definition of "examination" and collecting cases).  Plaintiffs concede that this event has not yet occurred.  (Complaint, ¶ 18.)  Section 1447(b) does not empower the Court to review Mr. Omar's naturalization application or to order the requested relief.

As with the mandamus statute and the APA, the INA fails as a jurisdictional ground for this action.  Accordingly, the action must be dismissed for lack of subject matter jurisdiction.  Fed.R.Civ.P. 12(b)(1) and 12(h)(3).

### III. CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss.  An appropriate form of Order will be filed.

       s/ Stanley R. Chesler
   STANLEY R. CHESLER
   United States District Judge

Dated: July 31, 2007