NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOHAMED ELSAYED OMAR and JENNIFER OMAR, : : : Plaintiffs, : : v. : : ROBERT MUELLER, Director Federal Bureau of Investigation, et al. : : Defendants. : : | Civil Action No. 07-813 (SRC)  OPINION & ORDER |

**CHESLER**, District Judge

    This matter comes before the Court upon the Motion for Reconsideration filed by Plaintiffs Mohamed Omar and Jennifer Omar of this Court's Order of July 31, 2007 granting Defendants' motion to dismiss this action for lack of jurisdiction [docket item # 17] . The Court has considered the submissions by the parties in connection with this motion. For the reasons discussed below, this Court denies Plaintiffs' motion for reconsideration.

    Local Civil Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. See Bryan v. Shah, 351 F.Supp.2d 295, 297 (D.N.J. 2005); Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J. 2001). The rule, however, requires that a motion for reconsideration be filed within 10 business days after the Court files the order as to which reconsideration is sought. L.Civ.R. 7.1(i). In this case, the

Order granting Defendants' motion to dismiss was entered by the Court on July 31, 2007. Yet, Plaintiffs did not file their motion for reconsideration until August 30, 2007, after the deadline imposed by the rule had passed. It is well-settled that untimeliness alone constitutes sufficient grounds to deny a motion for reconsideration. <u>XL Specialty Ins. Co. V. Westmoreland Coal Co.</u>, No. 06-1234, 2006 WL 2241517, at *2 (D.N.J. Aug. 4, 2006); <u>T.H. ex rel. A.H. v. Clinton Twp. Bd. of Educ.</u>, No. 05-3709, 2006 WL 1722600, at *2 (D.N.J. June 19, 2006); <u>Morris v. Siemens Components, Inc.</u>, 938 F.Supp. 277, 278 (D.N.J. 1996). Plaintiffs did not request that the time period be enlarged, nor do they offer an explanation for their tardiness. While Plaintiffs characterize the order from which reconsideration is sought as "the original July 31, 2007 order as amended on August 15, 2007" (Pl. Br. at 2), the Court did not amend the Order on August 15, 2007 or at any other time. Rather, on August 15, 2007, the Court filed an Amended Opinion, amended simply to reflect that the Court was submitting the Opinion for publication and to note counsel appearances on the motion. The operative order is, and has always been, the Order entered by the Court on July 31, 2007.

Even if Plaintiffs had timely filed their motion for reconsideration, the motion fails to meet the rigorous standard for relief under Rule 7.1(i). Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the court before rendering its decision. See <u>Bermingham v. Sony Corp. of Am., Inc.</u>, 820 F.Supp. 834, 856 (D.N.J. 1992), <u>aff'd</u>, 37 F.3d 1485 (3d Cir. 1994); <u>Carteret Sav. Bank, F.A. v. Shushan</u>, 721 F.Supp. 705, 709 (D.N.J. 1989). Our jurisprudence directs that a motion under Rule 7.1(i) may be granted only if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest

injustice." Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp., 825 F.Supp. 1216, 1220 (D.N.J. 1993); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir 1995). Indeed, Rule 7.1(i) permits reconsideration only when "dispositive factual matters or controlling decisions of law" were presented to the court but were overlooked. See Resorts Int'l v. Great Bay Hotel and Casino, 830 F.Supp. 826, 831 (D.N.J.1992); Khair v. Campbell Soup Co., 893 F.Supp. 316, 337 (D.N.J.1995). Accordingly, a court will reconsider its previous rulings only where convinced that germane information was initially overlooked.

Because reconsideration is "an extraordinary remedy," it is "to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986). Indeed, "mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument." Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (quotation and citation omitted).

Plaintiffs fail to point to any change in controlling legal authority or to any previously unavailable evidence. Plaintiffs argue that the motion should have been held in abeyance, or in the alternative, denied as moot, in light of the naturalization examination of Mr. Omar conducted on July 17, 2007. This argument is unavailing. First, the fact of the interview is not "previously unavailable evidence." The parties simply failed to advise the Court of that fact. Second, the occurrence of the interview has no effect on the Court's decision. Plaintiffs sought in their Complaint an order of this Court compelling Defendants to process their naturalization application. Simply conducting one step of the process does not render Defendants' motion to dismiss the Complaint for lack of jurisdiction moot. The legal analysis accompanying the

Court's order granting the motion to dismiss remains the same.  Plaintiffs' indication that another district court decided a similar matter differently two weeks before this Court's decision was issued does not constitute a change in controlling law.  In short, Plaintiffs have not persuaded the Court that reconsideration is warranted to correct a clear error of law or to prevent manifest injustice.

Accordingly, **IT IS** on this 26th day of September, 2007,

**ORDERED** that Plaintiffs' Motion for Reconsideration of this Court's July 31, 2007 Order [docket item # 17] be and hereby is **DENIED**.

          s/ Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge